UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LUCINDA SUE KUSKA,<br><br>        Plaintiff,<br><br> v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,<br><br>        Defendant. | CASE NO. C17-5135-MAT<br><br>ORDER RE: SOCIAL SECURITY<br>DISABILITY APPEAL |

Plaintiff Lucinda Sue Kuska proceeds *pro se* in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1971.[1] She has a seventh-grade education, and minimal work

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

history as a housekeeper and waitress. (AR 447.)

Plaintiff applied for SSI in July 2011. (AR 414-20.) That application was denied initially and upon reconsideration, and Plaintiff timely requested a hearing. (AR 259-62, 265-73, 275-77.)

On February 26, 2013, ALJ Tom Morris held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 47-97.) On January 29, 2016, the ALJ issued a decision finding Plaintiff not disabled. (AR 229-44.) Plaintiff timely appealed. The Appeals Council granted Plaintiff's request for review, and remanded the case back to the ALJ for further proceedings. (AR 250-54.)

The ALJ held a second hearing on February 5, 2015 (AR 98-26), which was continued on November 10, 2015 (AR 127-98), and he subsequently issued a decision finding Plaintiff not disabled. (AR 20-37.) The Appeals Council denied Plaintiff's request for review on January 18, 2017 (AR 1-5), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. (AR 22.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's "sprains and strains — all types; Essential hypertension; Fractures of lower limb; Affective disorders; Somatoform disorders; Substance issues." (AR 22-24.) Step three asks

whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 24-25.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing a range of sedentary work, with the following additional limitations: she can lift/carry 10 pounds occasionally and frequently. She can stand/walk for a total of about five hours and sit for a total of about six hours in an eight-hour workday, with normal breaks. She can push/pull occasionally with the right lower extremity. She can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. She should avoid concentrated exposure to hazards such as dangerous machinery and unprotected heights, as well as "fumes, odors, dusts, gases, poor ventilation, etc." She can perform unskilled work tasks. She can maintain attendance and be punctual. She is off-task about 7% of an eight-hour workday. Her work tasks should not be at a production-rate pace, but be "goal-oriented work." (AR 25-26.) With that assessment, the ALJ found Plaintiff unable to perform past relevant work. (AR 36.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. The ALJ found Plaintiff capable of transitioning to other representative occupations, including small products assembler, parking lot cashier, and electronic accessory assembler. (AR 36-37.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more

than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) discounting favorable medical opinions as well as her own subjective testimony, particularly related to her physical limitations; and (2) crediting the Cooperative Disability Investigation Unit's (CDIU) report, even though the investigation was based on a ruse and the ALJ did not give Plaintiff a chance to explain her statements to the investigator. Plaintiff also contends that her administrative hearings were cut short. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

<u>Medical opinions</u>

Plaintiff contends that the ALJ erred in failing to assess her physical RFC. Dkt. 15 at 4-5. This argument overlooks the ALJ's RFC assessment, which finds Plaintiff capable of performing sedentary work with additional limitations. (AR 25-26.) Plaintiff notes that some providers opined that Plaintiff had certain limitations that the ALJ did not incorporate (see AR 615-21), but the ALJ discussed the opinion evidence and explained why he discounted some of it. (AR 29-33.) The ALJ is entitled to resolve the ambiguities in the medical evidence. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("[T]he ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence."). Plaintiff has not addressed any of the reasons provided by the ALJ for discounting the opinion evidence, or shown that those reasons were erroneous.

The ALJ's written RFC assessment does, however, fail to address Plaintiff's need to change

positions, a limitation which the ALJ elsewhere purportedly credited. *Compare* AR 25-26 *with* AR 29 ("In reaching the RFC finding, I have incorporated both Dr. Distad's and Dr. Heilbrunn's opinions for sedentary exertional limitation with a need to change positions on the job."). The Commissioner contends that this "scrivener's error" is harmless, because the ALJ addressed Plaintiff's need to alternate between sitting and standing in the VE hypothetical. Dkt. 16 at 15. Plaintiff did not file a reply brief to respond to this argument.

The Commissioner's argument misstates the content of the VE colloquy, but the Court agrees that the ALJ's error is nonetheless harmless. In the vocational hypothetical that elicited the jobs relied upon at step five, the ALJ did not include a limitation regarding changing positions, but the VE volunteered *sua sponte* that those jobs would allow for a sit/stand option. (AR 190-91.) Thus, even though the ALJ erroneously excluded a limitation regarding Plaintiff's need to change positions, the VE testimony makes clear that the jobs identified at step five would allow Plaintiff to change positions.

<u>Plaintiff's statements</u>

The ALJ discounted Plaintiff's subjective statements for a number of reasons, including (1) inconsistency between the medical record and Plaintiff's allegations; (2) inconsistency between Plaintiff's activities and her allegations; (3) inconsistencies within Plaintiff's hearing testimony and between other statements of record; (4) misrepresentations regarding alcohol use; and (5) Plaintiff's poor work history. (AR 28-32.)

Plaintiff contends that she had problems understanding all of the questions the ALJ asked, and the ALJ did not appreciate her difficulty with that process. Dkt. 15 at 3-4. She also contends that the ALJ erred in crediting the CDIU report, because she believes the investigating officer misrepresented some of her statements to make it appear that she was currently performing

activities she had actually performed in the past. Dkt. 15 at 7-11. She also asserts that the veracity of the CDIU report is tainted by the officer's use of a ruse to engage Plaintiff in conversation. Dkt. 15 at 11.

The hearing transcripts are consistent with Plaintiff's description of difficulties in understanding; she required redirection and rephrasing on several occasions. (*See, e.g.*, AR 57-58, 68-69, 81-85, 88, 105-09, 111-19, 157, 160-64, 177-85.) The ALJ did mention that Plaintiff either could not provide examples of various symptoms or provided incomplete examples (AR 31-32), and this characterization of Plaintiff's testimony is reasonable. (*See* AR 83-87.) The ALJ accommodated Plaintiff's need for additional explanation and rephrasing, and did not cite her difficulty as a reason to discount her testimony.

The ALJ also went on to point out specific inconsistencies within Plaintiff's testimony, and between Plaintiff's testimony and other evidence in the record. (AR 32.) These findings were not connected to questions that Plaintiff had difficulty answering, but referenced testimony that was explicitly inconsistent with other evidence, such as Plaintiff's inconsistent statements and testimony regarding her alcohol use, and statements regarding her ability to sit, stand, and lift a gallon of milk. (AR 32.) The ALJ did not err in considering whether Plaintiff's hearing testimony was consistent with the remainder of the record. *See* SSR 96-7p ("One strong indication of the credibility of an individual's statements is their consistency, both internally and with other information in the case record."); *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (holding that inconsistent statements regarding alcohol use may be considered as a reason to reject a claimant's testimony). The ALJ cited multiple inconsistencies in Plaintiff's statements, most of which are unchallenged and all of which support the ALJ's determination.

Plaintiff's challenges to the CDIU report also fail to demonstrate error in the ALJ's

decision. Although the investigator's use of a ruse was understandably troubling to Plaintiff (Dkt. 15 at 7-8), this technique does not render the report without validity. *See Elmore v. Colvin*, 617 Fed. Appx. 755, 757 (9th Cir. Jul. 15, 2015). Furthermore, Plaintiff had an opportunity to testify about the CDIU report at the hearing, and contended that the investigator saw her on a good day, but did not contradict anything written in the report. (AR 146-47.) Furthermore, Plaintiff fails to address the investigator's report of Plaintiff's current and upcoming travels in their motorhome to attend concerts. (AR 1102.) Even if, as Plaintiff contends, the investigator confused some of Plaintiff's historical activities for current activities, the report also details undisputedly current activities that are inconsistent with her allegations and those portions of the report are unchallenged. Accordingly, Plaintiff has not established error in connection with the CDIU report.

<u>Administrative hearings</u>

Plaintiff asserts that her administrative hearings were cut short. Dkt. 15 at 5. The record does not support this assertion. The first hearing was allotted for about an hour, according to the ALJ's schedule (AR 53), the ALJ ensured that Plaintiff had an opportunity at the end of the hearing to tell him anything she felt had been omitted. (AR 96.) Plaintiff's subsequent hearing was again scheduled for about an hour (AR 131), and Plaintiff again had an opportunity to say anything additional, and instead indicated that everything had been covered. (AR 196-97.) It does not appear that the ALJ prevented Plaintiff from presenting any testimony. Plaintiff has not established error in this regard.

/ / /

/ / /

/ / /

/ / /

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 4th day of October, 2017.

_____
Mary Alice Theiler
United States Magistrate Judge